# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 7288 | **DATE** | 9/24/2004 |
| **CASE TITLE** | R.E. DAVIS CHEMICAL CORPORATION vs. INTERNATIONAL CRYSTAL LAB | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  ENTER MEMORANDUM OPINION AND ORDER: Defendant ICL's Motion to Transfer Venue Pursuant to 28 U.S.C. §1406(a) or §1404(a) is granted. Defendant's Motion for Costs and Fees [doc. no. 43-1] is denied. All other pending motions, including Plaintiff's Motion for Preliminary Injunction, are denied as moot. The case is hereby transferred to the District of New Jersey. Any pending motions or schedules are stricken as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | SEP 27 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | rbf | 55 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT | | |
| CG | courtroom deputy's initials | 2004 SEP 24 AM 9:19 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| R.E. DAVIS CHEMICAL CORPORATION, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>INTERNATIONAL CRYSTAL )<br>LABORATORIES, INC., )<br>JOHN DOE CUSTOMERS #1-1000, )<br>)<br>Defendants. )<br>) | Judge Ronald A. Guzmán<br><br>03 C 7288 |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant International Crystal Laboratories, Inc.'s ("ICL") Motion to Transfer Venue Pursuant to 28 U.S.C § 1406(a) or § 1404(a) and ICL's Motion for Costs and Fees Pursuant to 28 U.S.C. § 1927. For the reasons that follow, ICL's motion to transfer pursuant to § 1404(a) is granted, and the motion for costs and fees is denied.

## BACKGROUND

On October 15, 2003, Plaintiff R.E. Davis Chemical Corp. ("Davis"), an Illinois resident, filed a complaint alleging ICL infringed Davis's Patent 5,290,705 (the '705 patent) by selling and/or offering for sale analytic specimen supports, including certain IR sampling cards containing polytetrafluoroethylene ("PTFE") and other IR sampling cards containing polyethylene.[1] On October

---

[1] On March 12, 2004, Plaintiff amended the complaint and now alleges that only the IR sampling cards containing PTFE infringe the '705 patent.



27, 2003, ICL filed a declaratory judgment action against Davis in the District of New Jersey, seeking a declaration of noninfringement of the '705 patent.

On November 3, 2003, ICL filed the present motion to transfer this case to the District of New Jersey. On November 18, 2003, Plaintiff filed a motion seeking to enjoin ICL from proceeding with the New Jersey litigation, claiming that New Jersey lacks jurisdiction over Davis.

## **DISCUSSION**

ICL seeks to transfer this action to the District of New Jersey pursuant to either 28 U.S.C. § 1404(a) or § 1406(a). 28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1406(a) provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

Thus, under either section, a preliminary issue is whether venue properly lies in both this district and the transferee district. Venue in patent cases is governed by 28 U.S.C. § 1400(b), which provides: "Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." For purposes of § 1400(b), a non-resident corporate defendant "shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time

the action is commenced." 28 U.S.C. § 1391(c); *see VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1583-84 (Fed. Cir. 1990).

**A.     Venue in the Transferee District**

In this case, jurisdiction (and therefore venue) is clearly proper in the District of New Jersey. ICL is a resident of New Jersey, the state in which it is incorporated and has its principal place of business. Contrary to Davis's argument, New Jersey's alleged lack of jurisdiction over Davis is not relevant and certainly does not render the § 1404(a) analysis "moot." Davis is the plaintiff here, and its residence is not a factor in the jurisdiction/venue determination.[2]

**B.     Venue in the Transferor District**

The Court now turns to the question of whether venue is proper in the Northern District of Illinois.[3] The law of the Federal Circuit governs the issue of personal jurisdiction over ICL in this patent case. *See Deprenyl Animal Health, Inc. v. Univ. of Toronto Innovations Found.*, 297 F.3d 1343, 1348 (Fed. Cir. 2002); *Hildebrand v. Steck Mfg. Co., Inc.*, 279 F.3d 1351, 1354 (Fed. Cir. 2002). The Federal Circuit has explained that before exercising personal jurisdiction over a

---

[2] The Court notes the considerable confusion caused by the parties' failure to recognize that the motion to transfer and motion for preliminary injunction involve entirely different issues. Although both motions relate to proper venue, they are directed to two different cases with two different defendants. In the present case, ICL is the defendant. In the New Jersey litigation, Davis is the defendant. Thus, ICL's residence is relevant to the discussion of venue in the motion to transfer, and Davis's residence is relevant to the motion for preliminary injunction. The parties, however, have consistently conflated the two issues in their briefing of both motions. The Court has nevertheless used its best efforts to allocate the arguments correctly.

[3] The Court disagrees with Davis's assertion that ICL waived its jurisdiction argument by filing a motion to transfer pursuant to § 1404(a). ICL's motion was brought alternatively under both § 1404(a) and § 1406(a) and clearly argues that venue is not proper in this district.

3

defendant, "the court must determine whether an applicable statute potentially confers jurisdiction by authorizing service of process on the defendant, and whether the exercise of jurisdiction would satisfy the requirements of due process." *Deprenyl Animal Health*, 297 F.3d at 1349. The relevant statute in this case is the Illinois long arm statute, which confers jurisdiction over causes of action arising from several enumerated acts as well as "on any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States." 735 ILL. COMP. STAT. 5/2-209(a), (c); *see Deprenyl*, 297 F.3d at 1349 (noting that Federal Rule of Civil Procedure 4(k)(1)(A) "allows a plaintiff to rely on the state long arm statute . . . to obtain statutory authorization for the exercise of personal jurisdiction").

### 1. Jurisdiction Under the Illinois Long Arm Statute

In this case, it is not disputed that an allegedly infringing article was offered for sale and was sold to Plaintiff in Illinois. ICL argues that its single sale to Illinois does not constitute "[t]he transaction of any business" in Illinois, one of the enumerated acts conferring jurisdiction under the Illinois long arm statute. *See* 735 ILL. COMP. STAT. 5/2-209(a)(1). However, the Federal Circuit has expressly stated that patent infringement cases are creatures of federal law, and therefore state law cannot "defin[e] its contours." *See North Am. Philips Corp. v. Am. Vending Sales, Inc.*, 35 F.3d 1576, 1579 (Fed. Cir. 1994).

> [The Illinois long arm statute] is not the source of the substantive right [in patent infringement cases] and does not purport to affect its scope or nature. So, while the federal choice of law rule concerning personal jurisdiction requires us to look to state law in the first instance, the character of the particular tort alleged here requires a look back to federal law on the conceptualization of the tort and its situs.

*Id.*

"[A]s a matter of uniform federal patent law . . . patent infringement occurs where the allegedly infringing sales are made." *Id.* at 1578-79. Illinois has an interest in regulating the importation of infringing articles into the state, and "to sell an infringing article to a buyer in Illinois is to commit a tort there (though not necessarily only there). To hold otherwise would exalt form over substance in an area where the Supreme Court generally has cautioned against such an approach." *Id.* at 1579-80 (citations omitted). Thus, it does not matter where ICL performed the sales contract:

> Regardless where the transactions are deemed to be situated under the tort or the 'transacting business' provisions, [the] defendants were nonetheless parties to the importation into the forum state. Surely the reasonable market participant in the modern commercial world has to expect to be haled into the courts of that state, however distant, to answer for any liability based at least in part on that importation.

*Id.* at 1580.

Similarly, it is irrelevant that the sale was FOB New Jersey. *See id.* at 1579 (holding that the place where legal title passes has no "controlling significance").

In any event, because the Illinois long arm statute reaches any defendant that due process will allow, "the two-step inquiry folds into one: whether an exercise of personal jurisdiction over [the defendant] would offend [d]ue [p]rocess." *Red Wing Shoe Co., Inc. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1358 (Fed. Cir. 1998).

5

## 2. Due Process

Because the Illinois long arm statute does purport to confer jurisdiction over ICL, the Court must next determine whether the exercise of jurisdiction satisfies due process. "Where a forum seeks to assert specific jurisdiction over an out-of-state defendant who has not consented to suit there, [the Due Process Clause's] 'fair warning' requirement is satisfied if the defendant has 'purposefully directed' his activities at residents of the forum, . . . and the litigation results from alleged injuries that 'arise out of or relate to' those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (citations omitted). Therefore, due process is satisfied if a state "'asserts personal jurisdiction over a corporation that delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum State' and those products subsequently injure forum consumers." *Id.* at 473.

In spite of several stray comments suggesting otherwise, Davis does not claim that this Court has general jurisdiction over ICL. Rather, Davis argues that ICL's one-time sale of PTFE IR sampling cards to Davis[4] provides a sufficient minimum contact to confer specific jurisdiction consistent with the Due Process Clause.

The Federal Circuit, in *Akro Corp. v. Luker*, 45 F.3d 1541 (Fed. Cir. 1995), summarized the various Supreme Court cases governing the due process inquiry and "outlined a three-prong minimum contacts test for determining if specific jurisdiction existed: (1) whether the defendant

---

[4] Davis maintains that ICL's sales to three other Illinois customers should also be considered. The Court, however, agrees with ICL that they are not relevant to the jurisdictional inquiry. The three other sales were of polyethylene IR sampling cards, and only PTFE sampling cards are alleged to be infringing in the amended complaint. The single alleged sale of PTFE sampling cards in Illinois was to Davis.

purposefully directed its activities at residents of the forum, (2) whether the claim arises out of or relates to those activities, and (3) whether assertion of personal jurisdiction is reasonable and fair." *3D Sys., Inc. v. Aarotech Labs., Inc.*, 160 F.3d 1373, 1378 (Fed. Cir. 1998) (citing *Akro*, 45 F.3d at 1545-46) (commenting that the Federal Circuit has "followed this test consistently"); *see also Burger King*, 471 U.S. at 475 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)) ("'[I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'").

### a. Minimum Contacts

In this case, the first two prongs of the *Akro* test are satisfied because ICL purposefully directed its activities to Illinois, and the patent infringement claim arises from those activities. ICL does not dispute that Davis ordered the allegedly infringing article from an unsolicited brochure sent by ICL to Davis in Illinois. *See 3D Sys.*, 160 F.3d at 1378 (holding that the first prong of the *Akro* test is satisfied where the defendant sends promotional letters, solicits orders, and issues price quotations to citizens of the forum state); *see also Burger King*, 471 U.S. at 475 ("Jurisdiction is proper . . . where the contacts proximately result from actions by the defendant *himself* that create a 'substantial connection' with the forum State.") (emphasis in original). Moreover, the offer to sell resulted in an actual sale to an Illinois resident, and ICL knowingly shipped the product to the Illinois forum. *See Worldtronics Int'l, Inc. v. Ever Splendor Enter. Co., Inc.*, 969 F. Supp. 1136, 1140 (N.D. Ill. 1997) (quoting *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1564-65)) (explaining that due process is satisfied "where the uncontroverted allegations 'are that defendants

7

purposefully shipped the accused [product] into [the forum state] through an established distribution channel'") (alteration in original).

The second prong of the *Akro* test is also satisfied here because the "patent infringement claim obviously 'arises out of or relates to' [the defendant's] allegedly infringing activities in this forum." *Berol Corp. v. BIC Corp.*, No. 02 C 559, 2002 WL 1466829, at *3 (N.D. Ill. July 8, 2002); *see 3D Sys.*, 160 F.3d at 1378 (holding that a defendant's sending price quotation letters into the forum state constituted an "offer to sell" under 35 U.S.C. § 271, thus satisfying the second prong of the *Akro* test).

Furthermore, it does not matter that there was only one alleged contact with Illinois, *see Burger King*, 471 U.S. at 475 n.18 ("So long as it creates a 'substantial connection' with the forum, even a single act can support jurisdiction."), or that ICL never entered the Illinois forum, *id.* at 476 ("So long as a commercial actor's efforts are 'purposefully directed' toward residents of another State, we have consistently rejected the notion that an absence of physical contacts can defeat personal jurisdiction.").

### b. **Reasonableness**

Because the first two *Akro* factors have been met, "the burden shifts to defendants to prove that personal jurisdiction in this forum is not 'reasonable and fair.'" *Berol*, 2002 WL 1466829, at *3 (citing *Akro*, 45 F.3d at 1545-46); *see Burger King*, 471 U.S. at 476 (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945)). "[W]here a defendant who purposefully has directed his activities at forum residents seeks to defeat jurisdiction, he must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Burger King*, 471

8

U.S. at 477; *see Berol*, 2002 WL 1466829, at *3 (explaining that a defendant faces "an exceedingly high standard" in demonstrating jurisdiction is unreasonable or unfair). ICL has not attempted to present a compelling case to defeat jurisdiction on the grounds of unfairness. Instead, it raises only issues of convenience, which will be addressed below. *See Burger King*, 471 U.S. at 477 (noting that many considerations of unfairness can be dealt with through, among other things, a change of venue, rather than a finding of no jurisdiction).

The Court therefore finds that ICL is subject to personal jurisdiction in Illinois and that the exercise of jurisdiction comports with due process. As a result, ICL's motion must be denied to the extent it seeks transfer under § 1406(a).

C. **Convenience of Parties and Witnesses, and Interests of Justice**

Having found that both the transferor and transferee districts are proper venues, the Court now turns to the issue of whether transfer is warranted for the convenience of parties and the interest of justice. *See* 28 U.S.C. § 1404(a).

Because determining whether transfer is appropriate is made on a case-by-case basis and "involves a large degree of subtlety and latitude," it is "committed to the sound discretion of the trial judge." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986). In analyzing whether transfer is convenient under § 1404(a), courts are directed to consider both private and public interests. Private interests, *i.e.*, the interests of the parties, include: "(1) the plaintiff's choice of forum, (2) the situs of the material events, (3) the relative ease of access to sources of proof, (4) the convenience of the parties, and (5) the convenience of the witnesses." *Amoco Oil Co. v. Mobil Oil Corp.*, 90 F. Supp. 2d 958, 960 (N.D. Ill. 2000). The analysis of public interests "'focuses on the

efficient administration of the court system, rather than the private considerations of the litigants.'" *Id.* at 961. Public interests "include[] such considerations as the speed at which the case will proceed to trial, the court's familiarity with the applicable law, the relation of the community to the occurrence at issue, and the desirability of resolving controversies in their locale." *Id.* at 961-62. The movant has the burden of proving that "the transferee forum is clearly more convenient." *Coffey*, 796 F.2d at 219-20.

### 1. Private Interests

#### a. Plaintiff's Choice of Forum and Situs of Material Events

The plaintiff's choice of forum is generally given substantial weight, and the presumption in favor of the plaintiff's choice "'may be overcome only when the private and public interest factors clearly point toward trial in the alternative forum.'" *Sec. & Exch. Comm'n v. Barzilay*, No. 99 C 5023, 2001 WL 127667, at *2 (N.D. Ill. Feb. 14, 2001) (quoting *Macedo v. Boeing Co.*, 693 F.2d 683, 688 (7th Cir. 1982)); *see also In re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 664 (7th Cir. 2003) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)) ("'[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed. . . . Rarely, however, is not never.'"). Deference to the plaintiff's choice of forum is minimized where it is not the plaintiff's home forum or the situs of material events. *See Coleman v. Buchheit, Inc.*, No. 03 C 7495, 2004 WL 609369, at *1 (N.D. Ill. Mar. 22, 2004); *see also Sitrick v. Freehand Sys., Inc.*, No. 02 C 1568, 2003 WL 1581741, at *2 (N.D. Ill. Mar. 27, 2003) (noting that less deference is given to the plaintiff's choice of forum "when it lacks any significant contact with the underlying forum").

In this case, Davis's home forum is Illinois, and an allegedly infringing article was sold to Davis in Illinois. The majority of material events, however, occurred in New Jersey, which is where the alleged infringing products were manufactured, and from where the alleged infringing products are sold. *See Berol*, 2002 WL 1466829, at *4 (explaining that "courts have often focused on the location of the allegedly infringing sales, or the alleged infringer's place of business"). Moreover, Davis alleges ICL has infringed its patent "in Illinois and elsewhere," (Am. Compl. ¶ 8), so Illinois is not the only location of alleged infringement. *See Berol*, 2002 WL 1466829, at *4 (holding that the connection to the forum state is not strong where "the alleged infringement is presumably occurring in several fora across the country"). Because Illinois is not the situs of material events, Davis's choice of forum need not be given significant weight. Most material events occurred in New Jersey, which strongly weighs in favor of transfer.

### a. Access to Proof and Convenience of Witnesses and Parties

The convenience of witnesses has often been described as the most important factor in the § 1404(a) analysis. *See, e.g., Coleman*, 2004 WL 609369, at *2. Neither party, however, has identified any third-party witnesses who would be inconvenienced by litigating this case in either Illinois or New Jersey. All of the witnesses are apparently agents or employees of the parties, and their convenience does not weigh for or against transfer. *See Applied Web Systems, Inc. v. Catalytic Combustion Corp.*, No. 90 C 4411, 1991 WL 70893, at *5 (N.D. Ill. Apr. 29, 1991) ("In weighing the relative inconvenience of witnesses, the Court generally assigns little weight to the location of employee-witnesses.").

Similarly, the convenience of the parties is essentially equal. First, while ICL would have to transport numerous witnesses to the Illinois forum if the case is not transferred, it has not established that doing so would be a hardship. *See Sitrick*, 2003 WL 1581741, at *4 (stating that the parties' financial abilities can be relevant to the issue of the convenience of the parties). Second, although the Court is sensitive to the concerns of Mr. Davis, Plaintiff's principal, about his health and his inability to travel, he may appear by deposition in Illinois no matter where the litigation is centered. *See, e.g., Paramount Pictures Corp. v. Behnke*, No. 94 C 6878, 1995 WL 399494, at *4 (N.D. Ill. June 29, 1995).

The next factor to be considered is the location of relevant documents and sources of proof. ICL's manufacturing equipment and materials, as well as the related documents needed for the litigation, are all located in New Jersey. *See Berol*, 2002 WL 1466829, at *5 ("[P]atent infringement suits usually focus on the activities of the alleged infringer, its employees, and its documents rather than upon those of the plaintiffs."). There is apparently little, if any, evidence located in the Northern District of Illinois. Therefore, access to proof weighs heavily in favor of transfer to District of New Jersey.

### 2. **Public Factors**

The interest of justice is analyzed separately from private factors "and may be determinative in a particular case, even if the convenience of the parties and witnesses might call for a different result." *Coffey*, 796 F.2d at 220. As stated above, the interest of justice includes: (1) the speed at which the case will proceed to trial; (2) the court's familiarity with applicable law; (3) the desire to

12

resolve the case in each forum; and (4) the relation of each community forum to the issue of the case. *See Coleman*, 2004 WL 609369, at *3.

First, this Court and the District of New Jersey are equally familiar with patent law. Second, the "community interest" factor militates neither for nor against transfer. While Illinois has an interest in redressing alleged infringement occurring in the state, this interest is not unique to Illinois. The other states in which the product is sold have an equal interest in redressing the alleged infringement. *See Berol*, 2002 WL 1466829, at *5. Finally, New Jersey is the situs of material events, and "the administration of justice is served more efficiently when the action is brought before a court that is closer to the action." *Berol*, 2002 WL 1466829, at *5 (internal quotations and citation omitted). The Court therefore finds that the private and public interests weigh strongly in favor of transferring the case to the District of New Jersey.

### D. Motion for Costs and Fees

ICL's motion for costs and fees seeks recovery of expenses incurred in bringing the motions to transfer venue and for costs and fees, discovery on jurisdiction and venue, and opposing the motion for preliminary injunction pursuant to 28 U.S.C. § 1927. ICL argues that Davis brought this infringement action when it should have known three of six accused products did not infringe and that Davis's reasons for asserting personal jurisdiction over ICL in the Northern District of Illinois are insufficient.

Excess costs, expenses, and attorneys' fees may be recovered from "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. "'Vexatious' conduct involves either subjective or objective bad faith." *Pacific Dunlop Holdings,*

*Inc. v. Barosh*, 22 F.3d 113, 120 (7th Cir. 1994). Because this Court does have subject matter jurisdiction over ICL, Davis's actions in defending against the motion to transfer venue were clearly not vexatious or unreasonable. Defendant's motion for costs and fees therefore must be denied.

## CONCLUSION

Defendant ICL's Motion to Transfer Venue Pursuant to 28 U.S.C. §1406(a) or §1404(a) is granted. Defendant's Motion for Costs and Fees [doc. no. 43-1] is denied. All other pending motions, including Plaintiff's Motion for Preliminary Injunction, are denied as moot. The case is hereby transferred to the District of New Jersey.

**SO ORDERED.**  ENTERED: 9/24/04

HON. RONALD A. GUZMAN
**United States Judge**